
CLERK'S OFFICE
A TRUE COPY
Apr 08, 2021
s/ DarylOlszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

UP TO $50,000.00 IN FUNDS ON DEPOSIT IN CORNERSTONE COMMUNITY BANK, BANKER'S BANK CORRESPONDENT ACCOUNT, GENERAL LEDGER ENDING IN 5000

Case Number: 21 MJ 83

## APPLICATION FOR A WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, Daniel S. Schmeichel, being duly sworn depose and say:

I am a Special Agent assigned to the Internal Revenue Service, Criminal Investigation and have reason to believe that in the Eastern District of Wisconsin there is now certain property, namely, up to $50,000.00 in funds on deposit in Cornerstone Community Bank, Banker's Bank correspondent account, General Ledger ending in 5000, that is civilly forfeitable under 18 U.S.C. §§ 981(a)(1)(A) and (C) and 984, including cross-references to 18 U.S.C. §§ 1956(c)(7) and 1961(1), and criminally forfeitable under 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) in conjunction with 28 U.S.C. § 2461(c), as property that (1) constitutes or is derived from proceeds traceable to specified unlawful activity, namely, wire fraud in violation of 18 U.S.C. § 1343; and (2) was "involved in" money laundering transactions in violation of 18 U.S.C. §§ 1956 and 1957, and which property is therefore also subject to seizure for purposes of civil forfeiture under 18 U.S.C. § 981(b) and for purposes of criminal forfeiture under 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(f).

The application is based on these facts:

✓ Continued on the attached sheet.

❏ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Signature of Affiant
Daniel S. Schmeichel, IRS

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone and email.

April 8, 2021 at 4:17 PM
Date and time issued

at Milwaukee, Wisconsin
City and State

William E. Duffin, U.S. Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEIZURE WARRANT

I, Daniel S. Schmeichel, having been duly sworn on oath, state as follows:

### Affiant's Background

1. I am a Special Agent with Internal Revenue Service, Criminal Investigation ("IRS-CI"), and have been so employed since February 2010. As an IRS-CI Special Agent, my duties include the investigation of criminal violations of Title 26 (the Internal Revenue Code), Title 31 (the Bank Secrecy Act), and Title 18 of the United States Code, as well as the civil and criminal asset forfeiture provisions related to these statutes. I am currently a member of the Federal Bureau of Investigation Milwaukee Cyber Task Force, where I work with FBI agents and task force officers on cases involving unauthorized computer intrusions, cyber-related frauds, and the theft of personal identifying information, among other federal offenses. In my career, I have conducted multiple investigations involving money laundering and have obtained over a dozen seizure warrants for criminal proceeds and property involved in money laundering.

2. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia, where I received training in topics involving federal criminal law, criminal investigative techniques, financial crime investigation, and criminal procedure. I am a graduate of IRS-CI's Special Agent Investigative Techniques training program, through which I received training in investigating financial and tax crimes, investigating money laundering crimes, and seizing and forfeiting assets traceable to proceeds of crime or used to facilitate the commission of crimes. I have also completed advanced training programs in asset forfeiture and money laundering. I have a Bachelor of Science degree in

consumer science with an emphasis in business from the University of Wisconsin – Madison and a Master of Business Administration degree from the University of Wisconsin – Eau Claire.

3. Because I am submitting this affidavit for the limited purpose of establishing probable cause for the requested seizure warrant, I have not included in this affidavit every detail I know about this investigation. Rather, I have included only the information necessary to establish probable cause for the requested seizure warrants.

4. The facts set forth in this affidavit are based on my personal knowledge, including what I have learned through my training and experience as a law enforcement officer, my review of documents and other records obtained in the course of this investigation, information I have obtained in the course of this investigation from witnesses having personal knowledge of the events and circumstances described herein, and from other law enforcement officers, all of whom I believe to be truthful and reliable.

**Property Sought to be Seized**

5. I submit this affidavit in support of an application for a warrant to seize up to $50,000.00 on deposit by Cornerstone Community Bank in its Bankers' Bank correspondent account, General Ledger #xxxxx5000.

6. For the reasons set forth below, I submit that the above-described funds are proceeds of, and traceable to, a wire fraud offense or offenses committed in violation of 18 U.S.C. § 1343, and a money laundering offense or offenses committed in violation of 18 U.S.C. §§ 1956 and 1957, and are therefore subject to:

   a. Civil forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and (C) and 984, including cross references in § 981(a)(1)(C) to 18 U.S.C. §§ 1956(c)(7) and 1961(1);

b. Criminal forfeiture under 18 U.S.C. §§ 982(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461(c); and

c. Seizure via a civil seizure warrant under 18 U.S.C. § 981(b) and via a criminal seizure warrant under 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(f).

**Facts Supporting Findings of Probable Cause**

7. VICTIM BUSINESS 1 is a business located in Waukesha, Wisconsin, which is in the Eastern District of Wisconsin.

**Fraudulent Transfer #1**

8. On or about August 27, 2020, an unknown subject accessed the company email account belonging to C.M., vice president of VICTIM BUSINESS 1, without authorization, and sent an email instructing accounting specialist J.K. to transfer $580,874.00 from VICTIM BUSINESS 1's Cornerstone Community Bank corporate account to TD Bank account xxxxxx3020.

9. J.K. submitted the transfer request to Cornerstone Community Bank, and on or about August 28, 2020, $580,874.00 was transferred from VICTIM BUSINESS 1's Cornerstone Community Bank account to TD Bank account xxxxxx3020, which was owned by JONATHAN B. CABRERA.

10. TD Bank, N.A. accounts xxxxxx3020 and xxxxxx6440 were personal accounts owned by JONATHAN B. CABRERA.

11. On August 31, 2020, $558,000.00 of the funds stolen from VICTIM BUSINESS 1 were transferred from account xxxxxx3020 to account xxxxxx6440.

12. TD Bank, N.A. cashier's check #838279348 was issued on October 16, 2020, from funds in account xxxxxx6440. The check was payable to Bank of America, N.A. for $50,000.00.

13. On or about October 19, 2020, cashier's check #838279348 was deposited into Bank of America, N.A. account xxxxxxxx2261. The account was owned by MARIA DEKMAK, CABRERA's mother.

**Fraudulent Transfers #2 and #3**

14. On or about September 22, 2020, an unknown subject accessed the company email account belonging to C.M., without authorization, and instructed J.K. to transfer $578,220.24 to JPMorgan Chase Bank account xxxxx7592, which belonged to a limited liability company owned by IGOR ENRIQUE NIEVES. The funds were transferred as instructed.

15. On or about September 29, 2020, an unknown subject accessed the company email account belonging to C.M., without authorization, and instructed J.K. to transfer $480,878.31 to JPMorgan Chase Bank account xxxxx7592. The funds were transferred as instructed.

16. A total of $987,800.00 was transferred from NIEVES' JPMorgan Chase Bank, N.A. account xxxxx7592 to Bank of America account xxxxxxxx2261, which was owned by MARIA DEKMAK:

- $430,000.00 on September 24, 2020;
- $50,000.00 on September 24, 2020;
- $50,000.00 on September 28, 2020;
- $443,800.00 on September 30, 2020; and
- $14,000.00 on October 1, 2020.

**The Recovery of $50,000.00 in Funds from Account xxxxxxxx2261**

4

17. On or about November 18, 2020, Bank of America, N.A. closed account xxxxxxxx2261. MARIA DEKMAK received a $50,000.00 cashier's check payable to herself to disburse the remaining account funds.

18. On or about December 11, 2020, the cashier's check was canceled, and Bank of America, N.A. used the funds to issue cashier's check 4441224815 for $50,000.00 payable to JPMORGAN CHASE BANK's fraud recovery department.

19. On or about December 17, 2020, JPMorgan Chase Bank, N.A.'s fraud recovery department received cashier's check 4441224815. On or about December 23, 2020, JPMorgan Chase Bank, N.A. transferred the $50,000.00 to Cornerstone Community Bank.

20. The $50,000.00 recovered from JPMorgan Chase Bank, N.A. was deposited by Cornerstone Community Bank in its Bankers' Bank correspondent account, General Ledger #xxxxx5000.

21. To facilitate the recovery of funds stolen from VICTIM BUSINESS 1, Cornerstone Community Bank entered into a Hold Harmless and Indemnity Agreement with JPMorgan Chase Bank, N.A.

22. On or about December 21, 2020, Cornerstone Community Bank Chief Financial Officer E.S. received a call from IGOR NIEVES. NIEVES said that his ex-wife, MARIA DEKMAK, had asked him to receive the wire transfers from VICTIM BUSINESS 1 on her behalf. NIEVES said that the funds frozen by JPMorgan Chase Bank, N.A. at Cornerstone Community Bank's request belonged to him.

23. To this date, because of NIEVES' claim to the funds and the Hold Harmless and Indemnity Agreement, Cornerstone Community Bank has not returned the $50,000.00 to VICTIM BUSINESS 1.[1]

## Applicable Asset Forfeiture Provisions

24. Under 18 U.S.C. § 984, a court may order the forfeiture of funds in a bank account into which monies subject to forfeiture have been deposited, without the need to trace the funds currently in the account to the specific deposits that are subject to forfeiture, up to the amount of the funds subject to forfeiture that have been deposited into the account within the past one-year period.

25. Section 984 (a) provides in part:

> (1) In any forfeiture action in rem in which the subject property is cash [or] funds deposited in an account in a financial institution
>
> > (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
> >
> > (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.
>
> (2) Except as provided in subsection (c), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.

---

[1] Cornerstone Community Bank recovered $107,938.28 from JPMorgan Chase Bank, N.A. account xxxxx7592 in October 2020. Those funds were returned to VICTIM BUSINESS 1.

26. 18 U.S.C. § 984(b) provides: "No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense."

27. Thus, under Section 984, a court may order the civil forfeiture of monies found in a bank account into which deposits of criminal proceeds subject to forfeiture had been made, up to the amount of the forfeitable deposits that have been made into the account within the prior one-year period, without the need for tracing the funds to be forfeited to any of the specific forfeitable deposits.

28. I submit that a restraining order under 21 U.S.C. § 853(e) may not be sufficient to assure the availability of the funds for forfeiture because I have been advised of cases in which, even after a restraining order or similar process has been issued to a financial institution, the funds sought to be restrained were not effectively restrained by the financial institution. In my judgment, a seizure warrant would be the most effective way to assure the availability of the monies sought to be seized for forfeiture.

**Conclusion**

29. Based on the facts and circumstances set forth in this affidavit, I submit that there exists probable cause to believe that up to $50,000.00 on deposit by Cornerstone Community Bank in its Bankers' Bank correspondent account, General Ledger #xxxxx5000 is:

 d. Funds traceable to, and are therefore proceeds of, a wire fraud offense or offenses, committed in violation of 18 U.S.C. § 1343;

 e. Funds traceable to, and are therefore proceeds of, a money laundering offense or offenses, committed in violation of 18 U.S.C. §§ 1956 and 1957;

7

Case 2:21-mj-00083-WED  Filed 04/08/21  Page 8 of 9  Document 1

f.  Subject to civil forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and (C) and 984, including cross-references in § 981(a)(1)(C) to 18 U.S.C. §§ 1956(c)(7) and 1961(1);

g.  Subject to criminal forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461(c);

h.  Subject to seizure via a civil seizure warrant under 18 U.S.C. § 981(b) and via a criminal seizure warrant under 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(f).

###